FOIA claim. *United States v.. Steele,* 799 F.2d 461, 465 (9th Cir.1986).

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michelle LINDBERG, aka Gina Lindberg, aka Pho Duoc Lindberg,**
**Defendant–Appellant.**

**No. 00–10322.**
**D.C. No. CR–95–00312–ADE.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 23, 2001 *.

Decided May 3, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

MEMORANDUM **

Michelle Lindberg appeals her sentence, arguing that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), prohibits the district court from making upward adjustments to her base offense level without first submitting the underlying facts to a jury for proof beyond a reasonable doubt. We have previously considered and rejected this argument. *See United States v. Ellis,* 241 F.3d 1096, 1104 (9th Cir.2001); *United States v. Panaro,* 241 F.3d 1104, 1114 (9th Cir.2001); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1024–27 (9th Cir.2000). These cases make clear that *Apprendi* does not apply to sentencing guideline adjustments and enhancements that do not increase a defendant's sentence beyond the statutory maximum for the crime committed. Because Lindberg's sentence does not exceed the statutory

maximums for the crimes she committed, her sentence does not violate *Apprendi.*

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

